TO BE PUBLISHED

# Supreme Court of Kentucky

## 2015-SC-000600-KB

FINAL

DATE 3-29-16 Emit Crouth DC

KENTUCKY BAR ASSOCIATION                                    MOVANT


V.                                    IN SUPREME COURT


EDMUND V. SMITH                                    RESPONDENT


## OPINION AND ORDER

*KBA v. Edmund V. Smith,* 2015-SC-00600-KB, is a reciprocal discipline case arising out of events which occurred in Tennessee. After the assignment of the case to my office, I mistook the procedural posture of the case as being at the "show cause" stage, and so last month we posted a recommendation for a show cause order. The Court unanimously voted to issue the show cause order.

In the process of issuing the show cause order, we realized that a show cause order had been issued in October; and since Smith had not responded, we were actually at the next step- issuance of the order to impose reciprocal discipline.

Therefore, the case is again on the docket this week. This time for a vote on whether to impose the reciprocal discipline, which is the disposition I recommend.

# I. BACKGROUND

On October 20, 2015, upon the motion of the Kentucky Bar Association (KBA), this Court issued an order directing Edmund V. Smith[1] to show cause why he should not be subject to reciprocal discipline after being publicly reprimanded by the Supreme Court of Tennessee. The KBA also requested that if such cause be lacking, this Court enter an order in accordance with SCR 3.435(4) publicly reprimanding Respondent and requiring the repayment of an unearned fee to a client involved in the Tennessee proceedings. Having received no response from Respondent, this Court now grants the KBA's motion and orders the recommended disciplinary sanction

## II. BACKGROUND OF TENNESSEE DISCIPLINARY PROCEEDINGS

The Tennessee Disciplinary proceedings consisted of three files: Tennessee File Nos. 37089-0-BG; 36699c-0-BG; and 37385c-BG.

*File No. 37089-0-BG.* In August 2013, Jan Krakowiak, Jr. paid Respondent $2,500.00 to represent him in a divorce case. There was no written fee agreement associated with the representation. In the meantime Krakowiak's wife filed a divorce action in Michigan and Respondent prepared a response for Krakowiak in that case. Respondent then filed a divorce action in Tennessee and argued that Tennessee had jurisdiction over the case. Krakowiak ultimately decided to abandon the Tennessee case and pursue the divorce in Michigan. Krakowiak thereafter informed Respondent that he would

---

[1] KBA Member No. 83589; Bar roster address P.O. Box 575, Cadiz, Kentucky, 42211.

no longer need his services and asked him to refund part of the $2,500.00 previously paid to Respondent; however, Respondent did not do so. Krakowiak continued to attempt to contact Respondent but Respondent did not return his calls. As a result of the foregoing, Respondent was charged with violating Tennessee Supreme Court Rules of Profession Conduct (RPC) 1.4 by failing to communicate; RPC 1.5(f) by failing to have a written non-refundable fee agreement; RPC 1.16(d) by failing to refund a portion of the $2,500.00 fee; and RPC 8.1 by failing to timely respond to disciplinary counsel.

*File No. 36699c-0-BG.* In October 2011, Emanuel Garcia retained Respondent to represent him in a divorce case. Upon conclusion of the case, Garcia asked Respondent to send him a copy of his ex-wife's deposition. Respondent subsequently failed to respond to a number of communications from disciplinary counsel regarding whether he had ever provided the deposition to Garcia. In connection with failing to provide Garcia with his wife's deposition, Respondent was charged with violating RPC 1.16(d) (requiring that an attorney act with diligence in representing a client); RPC 1.4(3) and (4) (requiring that an attorney communicate with a client concerning the representation); RPC 1.5(f) (relating to fees charged to a client); RPC 1.16(d) (relating to declining or terminating representation); RPC 8.1(b) (relating to bar admission and disciplinary matters); and RPC 8.4(a) (relating to misconduct by an attorney).

*File No. 37385c-BG.* In 2014, Ovita Miller paid Respondent $5,000.00 to represent her in an administrative proceeding against the United States

Army on an employment discrimination claim; Ms. Miller passed away in November 2014. Ms. Miller's husband, Johnny Miller, paid Respondent an additional $5,000.00 to proceed with the case on behalf of Ms. Miller's estate. Respondent subsequently filed a complaint in United States District Court. Respondent then stopped communicating with Mr. Miller and failed to return his phone calls. In July 2015, Respondent sent Mr. Miller a letter informing him that he was closing his practice; he returned $1,500.00 of the fee Miller had paid. After consulting with Mr. Miller's new attorney, Respondent agreed to refund an additional $2,000.00. In connection with the foregoing transaction, Respondent was charged with violating RPC 1.4(3) and (4) (communication); RPC 1.16 (declining or terminating representation): and RPC 8.4 (misconduct).

***Conditional Guilty Plea and Disposition.*** In July 2015, Respondent entered a conditional guilty plea with the Board of Professional Responsibility of the Supreme Court of Tennessee. In connection with the plea, Respondent admitted that he was guilty of violating RPC 1.4 by ceasing communications with Mr. Miller and Mr. Krakowiak; that he violated RCP 1.5 by failing to have a written fee agreement with Mr. Krakowiak; that he violated 1.16(d)(6) by failing to promptly return an unearned fee to Mr. Miller; and that he violated 8.4(a) by violating the foregoing rules.[2] The analogous Kentucky Rules of Professional

---

[2] It was ultimately determined that there was no rule violation in the Garcia case.

4

Conduct are contained in SCR 3.130 and are sub-numbered identically to their Tennessee counterparts.

Upon consideration, the Hearing Panel recommended that Respondent's conditional guilty plea be approved by the Board of Professional Responsibility. The Supreme Court of Tennessee subsequently adopted the Hearing Panel's Order Recommending Approval of the Conditional Guilty Plea. As its disciplinary sanction, the court publicly censored Respondent and required him to pay restitution to Mr. Miller in the amount of $3,500.00.

## III. DISCIPLINE

Under SCR 3.435(4), Respondent is subject to identical discipline within this Commonwealth unless he "proves by substantial evidence: (a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or (b) that [the] misconduct established warrants substantially different discipline in this State." The Tennessee Supreme Court's order, as a "final adjudication in another jurisdiction that an attorney has been guilty of misconduct[,] shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this State." SCR 3.435(4)(c).

Respondent has failed to show cause why he should not be subjected to reciprocal discipline for his conduct as described above, and seeing no reason why Respondent should not be subjected to identical discipline in this Commonwealth under SCR 3.435, the Court ORDERS:

1) The Kentucky Bar Association's petition for reciprocal discipline is GRANTED.

5

2) As of the date of this Order, consistent with the disciplinary sanction imposed by the Tennessee Supreme Court, the Respondent, Edmund V. Smith, is forthwith (a) publicly reprimanded for his professional misconduct as described above, and (b) directed to repay restitution to Johnny Miller in the amount of $3,500.00 in connection with File No. 37385c-BG; and

2) In accordance with SCR 3.450, Respondent is directed to pay any costs associated with these disciplinary proceedings against him, should there be any, and execution for such costs may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: March 17, 2016.

_____
CHIEF JUSTICE